*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE QUIGLEY, Personal Representative of the ESTATE OF THOMAS S. QUIGLEY,

Plaintiff-Appellee,

v

DETROIT AIRLINES NORTH TERMINAL CONSORTIUM, INC., doing business as DANTEC, and SCHINDLER ELEVATOR CORPORATION,

Defendants,

and

AVAIRPROS SERVICES, INC.,

Defendant-Appellant.

UNPUBLISHED
May 25, 2023

No. 360267
Wayne Circuit Court
LC No. 21-006482-NO

MICHELLE QUIGLEY, Personal Representative of the ESTATE OF THOMAS S. QUIGLEY,

Plaintiff-Appellee,

v

DETROIT AIRLINES NORTH TERMINAL CONSORTIUM INC., doing business as DANTEC, and AVAIRPROS SERVICES, INC.,

Defendants,

and

SCHINDLER ELEVATOR CORPORATION,

No. 360272
Wayne Circuit Court
LC No. 21-006482-NO

-1-

Defendant-Appellant.

MICHELLE QUIGLEY, Personal Representative the
ESTATE OF THOMAS S. QUIGLEY,

Plaintiff-Appellee,

v                                                                    No. 360273
                                                                     Wayne Circuit Court
DETROIT AIRLINES NORTH TERMINAL                                      LC No. 21-006482-NO
CONSORTIUM, INC., doing business as DANTEC,

Defendant-Appellant,

and

AVAIRPROS SERVICES, INC., and SCHINDLER
ELEVATOR CORPORATION,

Defendants.

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In these consolidated appeals, defendants appeal by leave granted[1] the trial court's December 7, 2021 order denying their respective individual motions for summary disposition under MCR 2.116(C)(8) (failure to state a claim) on claims brought against them by plaintiff, Michelle Quigley (plaintiff), personal representative of the Estate of Thomas S. Quigley (the decedent). For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.

I. BACKGROUND

According to the complaint, the decedent died after he fell and broke his neck while boarding an escalator in the North Terminal at the Detroit Metropolitan Airport (DTW). The

---

[1] *Estate of Thomas S. Quigley v Detroit Airlines North Terminal*, unpublished order of the Court of Appeals, entered May 9, 2022 (Docket No. 360267); *Estate of Thomas S. Quigley v Detroit Airlines North Terminal*, unpublished order of the Court of Appeals, entered May 9, 2022 (Docket No. 360272); *Estate of Thomas S. Quigley v Detroit Airlines North Terminal*, unpublished order of the Court of Appeals, entered May 9, 2022 (Docket No. 360273).

complaint alleged that the fall occurred when the decedent's luggage "shifted while he was trying to board the escalator and he lost his footing."

Plaintiff, as the personal representative of the decedent's estate, filed suit against (1) Detroit Airlines North Terminal Consortium, Inc., doing business as DANTeC, (2) AvAirPros Services, Inc. (APS), and (3) Schindler Elevator Corporation (Schindler). Plaintiff included allegations explaining the connection of these defendants to the circumstances giving rise to the lawsuit. The complaint alleged that "Defendant DANTeC is the entity that contracts with the Wayne County Airport Authority to operate the North Terminal at DTW and provide all services necessary to maintain the North Terminal…and providing for the maintenance and service of the facilities there, as would be necessary for the safety of travelers and all other persons expected to be present on the premises of the Airport's North Terminal." APS allegedly "contracted with DANTeC to supply the staffing needs and services necessary for DANTeC to carry out its various responsibilities at the North Terminal." Finally, Schindler allegedly had a business relationship with DANTeC and APS providing "post-sale safety inspections, advice and consultation services" with respect to escalators in the North Terminal. The substantive allegations in the complaint involved matters of signage, escalator design, premises liability, and negligent undertaking.

In lieu of filing answers to the complaint, defendants moved for summary disposition under MCR 2.116(C)(8). APS and DANTeC argued plaintiff's claims against them sounded in premises liability and that the premises liability claims failed as a matter of law because neither APS nor DANTeC exercised the requisite possession and control of the premises for purposes of the duty element of a premises liability claim. APS and DANTeC also argued that plaintiff could not establish they owed the decedent a duty on an ordinary negligence theory. Schindler also argued that plaintiff could not establish that it owed the decedent a duty for purposes of plaintiff's negligent undertaking claim. Schindler further argued that plaintiff's claim against it actually sounded in product liability and that plaintiff failed to plead allegations supporting the necessary elements of such a claim.

Plaintiff opposed the motions, arguing that she pleaded viable claims of ordinary negligence under a theory of "negligent undertaking" against all three defendants. Plaintiff denied her claim against Schindler sounded in product liability or premises liability, and plaintiff denied her claim against APS was one for premises liability. Plaintiff also argued she pleaded sufficient factual allegations to support DANTeC possessed and controlled the North Terminal for purposes of her premises liability claim.

After hearing oral arguments, the trial court denied the motions without prejudice, reasoning that summary disposition was "premature." The trial court explained its ruling as follows:

> So, okay, very interesting set of facts and legal arguments here.
>
> You know, I was inclined to grant one motion, but at this point I'm inclined to deny all of them without prejudice.
>
> I think there are some very legitimate issues raised by the defendants, all of them. And I think the plaintiff has a challenge on its hands.

-3-

But I think granting the dismissal of the claims at this point would be premature, but I'm going to only deny it without prejudice because these arguments certainly can be made once the discovery has closed. And that's my decision.

And the plaintiff, of course, still has the right after discovery or during discovery to amend the complaint.

And I don't know—I just don't know where this is going to go. But I think granting these motions at this time would be premature, so the Court is going to deny them without prejudice. Thank you very much.

The trial court denied defendants' motions for reconsideration because "[d]efendants' motions for reconsideration present[ed] nothing that the Court did not previously consider when ruling on their motions for summary disposition."

This Court granted defendants applications for leave to appeal. This Court also consolidated the appeals and stayed the lower court proceedings pending the resolution of these appeals. *Estate of Thomas S. Quigley v Detroit Airlines North Terminal*, unpublished order of the Court of Appeals, entered May 9, 2022 (Docket No. 360267); *Estate of Thomas S. Quigley v Detroit Airlines North Terminal*, unpublished order of the Court of Appeals, entered May 9, 2022 (Docket No. 360272); *Estate of Thomas S. Quigley v Detroit Airlines North Terminal*, unpublished order of the Court of Appeals, entered May 9, 2022 (Docket No. 360273).

## II. ANALYSIS

A trial court's decision granting or denying summary disposition is reviewed de novo on appeal. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In this case, defendants each moved for summary disposition under MCR 2.116(C)(8), which provides that summary disposition is warranted if the "opposing party has failed to state a claim on which relief can be granted."

A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019).]

Here, the trial court's concern over the evidence that may come to light during the course of discovery reflected a misunderstanding of the proper mode of analysis for deciding a motion under MCR 2.116(C)(8). See *id*. at 162 ("While the lack of an allegation can be fatal under MCR 2.116(C)(8), the lack of evidence in support of the allegation cannot . . . . The relative strength of the evidence offered by plaintiff and defendants will matter if the court is asked to decide whether the record contains a genuine issue of material fact. But that is only a question under MCR 2.116(C)(10)."). And, because the trial court failed to employ the proper analytical framework for deciding a motion brought under MCR 2.116(C)(8), we have no record to review. On remand, the trial court shall decide defendants' motions for summary disposition under MCR 2.116(C)(8) by

employing the proper standard consistent with our Supreme Court's direction in *El-Khalil*. The parties and the trial court should be cautious not to confuse matters by arguing or deciding the motion as though it were a (C)(10) motion. See *El-Khalil*, 504 Mich at 159 ("The distinction between MCR 2.116(C)(8) and (C)(10) is one with an important difference: a claim's legal sufficiency as opposed to a claim's factual sufficiency.").

Notably, the bar is not overly high for surviving a motion under MCR 2.116(C)(8) given this state's "notice pleading environment." *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) (quotation marks and citation omitted). But the trial court's decision must be the result of applying the proper legal framework, which requires a direct comparison of the pleaded factual allegations, accepted as true, with the elements of the asserted legal claims to determine whether a cause of action has been alleged. See *id*. at 305-310; *El-Khalil*, 504 Mich at 160-161. At this stage, the evidentiary support for the allegations, and defendants' dispute over the truth of those allegation is a matter that is "beyond the scope of appropriate review" for a (C)(8) motion. *El-Khalil*, 504 Mich at 162.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded. MCR 7.219(A).

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[2] See also, e.g., *Dalley*, 287 Mich App at 309-310 ("Plaintiff's amended complaint avers that he 'had a right to privacy in his own home and a right to keep private the private information on his computers and hard drives,' and that defendants invaded plaintiff's privacy 'by intruding upon his seclusion or solitude and into his private affairs, and obtained access to [plaintiff's] home and information about his private affairs by methods objectionable to a reasonable person.' This averment adequately sets forth a claim of invasion of privacy by intrusion on seclusion.") (alteration in original); *id*. at 320-321 (concluding under MCR 2.116(C)(8) that the complaint failed to state a claim on which relief could be granted for intentional or reckless infliction of emotional distress because "[e]ven accepting as true the allegations in plaintiff's amended complaint, they fail to describe conduct so extreme or outrageous that it surpasses all bounds of decency in a civilized society"); *El-Khalil*, 504 Mich at 161 ("Plaintiff alleged in his first amended complaint that defendants violated the ELCRA because they denied his reappointment in retaliation for the lawsuit he previously filed against defendants under the ELCRA. This allegation was sufficient under MCR 2.116(C)(8) to satisfy the fourth element of an ELCRA-retaliation claim."); *id*. at 162 ("Plaintiff alleged that the adverse employment action resulted from his protected activity. That is enough to withstand challenge under MCR 2.116(C)(8).").